UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANGELA KAY RUDDER, et al.,
    Plaintiffs,

vs.                                  Case No.: 3:21cv1001/MCR/ZCB

TIMOTHY WYROSDICK, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This is a *pro se* civil rights case brought under 42 U.S.C. § 1983. Plaintiffs are Angela Rudder and her minor son, T.H. The basis for this lawsuit is T.H.'s five-day suspension from Gulf Breeze High School. Defendants are Timothy Wyrosdick, former Superintendent of the Santa Rosa County School District, and the Santa Rosa County School Board. Defendants have moved to dismiss the second amended complaint.[1] (Doc. 19). Plaintiff has responded in opposition. (Doc. 22). For the reasons below, Defendants' motion to dismiss should be granted.

### I.    Background

The second amended complaint is disjointed and hard to decipher. What follows is the Court's best effort to summarize Plaintiffs' allegations. T.H. was a student at Gulf Breeze High School in the Santa Rosa County School District. On

---

[1] Defendants have alternatively sought a more definite statement under Fed. R. Civ. P. 12(e). (Doc. 19 at 10 n.2).

1

September 6, 2018, T.H. had a physical altercation with another student. (Doc. 16 at 3). After the altercation, T.H. sought treatment at the school clinic for an injured lip. (*Id*.). T.H. was later interviewed by the dean of students. (*Id*.). During the interview, T.H. requested to have a family member present. (*Id*.). That request was denied. (*Id*.). T.H. was ultimately suspended from school for five days because of the altercation. (*Id*.).

At some point, T.H.'s mother, Ms. Rudder, arrived at the school. (*Id*. at 3-4.). She requested to see a video of the altercation. (*Id*. at 4). Instead, the dean of students provided her with contact information for the principal and assistant principal. (*Id*.). She then met with the assistant principal and requested the video. (*Id*.). That request was denied, as were her subsequent requests to see the video. (*Id*.). Several days later, Ms. Rudder met with the principal. (*Id*.). The principal supported the actions taken by his subordinates. (*Id*.).

Ms. Rudder later sent a "formal request" for the video and witness statements about the altercation. (*Id*. at 5). Ms. Rudder again met with the principal, and she continued to request the video. (*Id*. at 5-6). Ms. Rudder inquired about the process of filing an appeal, and she was informed that appeals would be handled by the director of high schools. (*Id*. at 6). The director of high schools subsequently informed Ms. Rudder that "process or procedural items cannot be appealed," but he

agreed to "still investigate to ensure that process and procedures were implemented correctly and take corrective action [as] necessary." (*Id*. at 7).

On December 12, 2018, the director of high schools allowed Ms. Rudder to view a video of the altercation. (*Id*. at 8). The video, however, "had been cut, providing only the portion of the video depicting the altercation [and] the video could not be rewound to view the events prior to the altercation." (*Id*.). Ms. Rudder was also provided with redacted copies of incident reports prepared by T.H. and the other student. (*Id*.). The principal subsequently informed Ms. Rudder that he would drop the suspension from T.H.'s record. (*Id*. at 8-9). Although the principal stated that the referral would remain in T.H.'s record, it would be revised to say, "[s]tudent kicked another student during an altercation." (*Id*. at 9).

The second amended complaint also references an incident that occurred in the Spring of 2019 with the freshman baseball team. (*Id*.). According to the second amended complaint, T.H. only pitched one game at the beginning of the season and did not pitch again as retaliation for Ms. Rudder's complaints regarding T.H.'s suspension. (*Id*.). In June of 2019, Ms. Rudder complained to members of the Santa Rosa County School Board. (*Id*. at 10). The school board members directed Ms. Rudder to address the issue with school administrators. (*Id*.). Ms. Rudder was informed by the director of high schools that he had investigated the matter and

addressed any procedural or policy infractions with staff members at Gulf Breeze High School. (*Id.*).

Ms. Rudder enrolled T.H. in the Bay County School District for the 2019-2020 school year. (*Id.* at 10-11). She continued, however, to complain about T.H.'s treatment by Gulf Breeze High School. (*Id.* at 11-12). Those complaints included contact with the assistant superintendent for the Santa Rosa County School District. (*Id.* at 11). The assistant superintendent alerted the superintendent, Defendant Wyrosdick. (*Id.*).

In July of 2020, Ms. Rudder confronted Defendant Wyrosdick at a meeting of the Santa Rosa County School Board. (*Id.* at 13). Defendant Wyrosdick explained that the matter had been investigated and closed, and he stated that a school board meeting was not the appropriate place to address student discipline issues. (*Id.*). At various points, Ms. Rudder unsuccessfully attempted to get assistance from the Santa Rosa County State Attorney's Office, the Florida Department of Education, the Florida Department of Law Enforcement, and the Gulf Breeze Police Department. (*Id.* at 13-14). She also tried to enlist the services of a private attorney. (*Id.* at 14).

Ms. Rudder then filed the current *pro se* lawsuit, purportedly on behalf of herself and T.H. The second amended complaint cites 42 U.S.C. §§ 1983 and 1985. (Doc. 16 at 1). It also cites an assortment of other things, such as school board policies, student codes of conduct, administrative regulations, the Florida

Constitution, the U.S. Constitution, and various statutory provisions. (*Id.* at 16-22). As far as relief is concerned, the second amended complaint seeks: (1) an order requiring Defendant Wyrosdick "to refrain from any involvement in my life or the life of my family"; (2) a copy of the educational records for both of her children, along with explanations of the records; (3) damages resulting from supporting two households that are two hours from one another; (4) counseling expenses estimated at over $750,000; and (5) punitive damages in the amount of $2,000,000. (*Id.* at 22-23).

## II.   Procedural History

This case was filed on September 7, 2021. (Doc. 1). The initial complaint named Superintendent Wyrosdick, two former Santa Rosa County School Board members, and three current Santa Rosa County School Board members as defendants. (*Id.*). Defendants filed a motion to dismiss the initial complaint. (Doc. 7). Plaintiff responded by filing an amended complaint. (Doc. 9).[2] The amended complaint removed T.H. as a plaintiff, removed several school officials as defendants, and added the Santa Rosa County School Board as a defendant. (*Id.*). Defendants then moved to dismiss the amended complaint. (Doc. 13). Plaintiff did

---

[2] Federal Rule of Civil Procedure 15(a)(1)(B) provides that a plaintiff is entitled to amend her complaint once as a matter of right "21 days after service of a motion [to dismiss] under Rule 12(b)." Because the amended complaint (Doc. 9) was filed within 21 days of service of Defendants' motion to dismiss, neither leave of court nor permission from Defendants was required to file the amended complaint.

5

not respond in opposition to the second motion to dismiss, instead she filed another amended complaint. (Doc. 16). She filed that amended complaint without Court permission or Defendants' consent, in violation of Rule 15 of the Federal Rules of Civil Procedure. Because Defendants did not object to the filing of the second amended complaint, the Court accepted the second amended complaint and deemed it the operative pleading. (Doc. 17).

Defendants subsequently moved to dismiss the second amended complaint. (Doc. 19). Plaintiffs responded in opposition to Defendants' motion. (Doc. 22). On the same day, Plaintiffs filed a motion requesting leave to file a third amended complaint. (Doc. 23). Defendants objected to the third amended complaint because it was not filed in compliance with Rule 15.1(B) of the Local Rules of the Northern District of Florida. (Doc. 28); *see* N.D. Fla. Loc. R. 15.1(B) (stating that "[w]hen a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading itself").

Shortly after Defendants filed their objection, Plaintiffs requested leave to file an amended complaint and simultaneously filed a third amended complaint. (Doc. 29). Plaintiffs then attempted to file a fourth amended complaint, again without seeking leave to amend as required by the Federal Rules of Civil Procedure. (Doc. 33). Defendants moved to strike the fourth amended complaint for failure to comply

with the applicable rules. (Doc. 35). The Court subsequently denied Plaintiffs leave to file the third and fourth amended complaints. (Doc. 37) Thus, the operative pleading remains the second amended complaint (Doc. 16)—a complaint that Defendants have moved to dismiss (Doc. 19).

### III. Discussion

Defendants argue that the second amended complaint should be dismissed because it is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. (Doc. 19 at 7-10). The Court agrees.[3]

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

---

[3] Because the Court agrees the second amended complaint is subject to dismissal as a shotgun pleading, it is unnecessary to address the other arguments raised in the motion to dismiss.

7

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Barmapov*, 986 F.3d at 1324-25 (cleaned up).  What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims.  *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

The second amended complaint falls into three of the four categories of shotgun pleadings.  First, it contains "conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action," *Barmapov*, 986 F.3d at 1325, throughout the second amended complaint. The second amended complaint is largely a stream of consciousness rehashing of various events that have allegedly occurred at Gulf Breeze High School. There is no explanation as to how many of the events relate to any violations of federal law. The second amended complaint talks about a baseball coach who was being paid for private lessons (Doc. 16 at 21), explains where certain other students are now playing baseball (*id.*), mentions the denial of disability services to students (*id.* at 15-16), discusses missing emails from Gmail, errors in Ms. Rudder's QuickBooks software, and the crash of her hard drive[4] (*id.* at 20). The second amended complaint also mentions advice that a private attorney provided to Ms. Rudder (*id.* at 14), as well as summaries of communications with a variety of entities that are not named as defendants (*id.* at 13-14). Those are just a handful of examples of the immaterial information contained in the second amended complaint.

Moreover, the second amended complaint contains conclusory allegations with no supporting explanation. For example, it says: "'Fighting: Both students involved in a fight will be suspended from school. Do not fight. Seek a teacher or administrator if you feel you need help in dealing with a confrontational issue.'

---

[4] Although not entirely clear, Plaintiffs appear to believe Defendants are somehow responsible for the issues Ms. Rudder has experienced with Gmail, QuickBooks, and her hard drive.

Unconstitutional." (*Id*. at 19). There is no citation to any particular constitutional provision or any explanation as to what constitutional right was violated and how. Instead, there is simply the bare conclusion "unconstitutional."

Second, the second amended complaint "does not separate each cause of action or claim for relief into a different count." *Barampov*, 986 F.3d at 1325 (internal quotations omitted). Instead, the "claims for relief" are jumbled together in four numbered sections that span seven pages. (Doc. 16 at 16-22). Each numbered section cites to various administrative guidelines, board of education rules, student policies, statutes, and constitutional provisions. (*Id.*). Here is an example:

> SB Policy 5.30-Student Control states "Code of Student Conduct is hereby incorporated by reference and made a part of this Rule." Code of Student Conduct 2018-2019: Battery Page 31; SB Policy 5.32; Sections 1001.41-1001.43, 1003.31, 1006.07-1006.09, 1006.12, 1006.13, 1012.28 F.S. and State Board of Ed Rule 6A-6.03311. School officials failed to notify law enforcement of a crime; two incidents of battery. SRCSD website has 5-pg document on School Resource Officers under Department Documents/Discipline/School Resource Officers. SRO Eskridge states he viewed the video, school officials prohibited SRO from investigating a crime and ignored clear and convincing evidence of battery. T.H. has a legal right to defend himself against D.D. which is what occurred. "A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force…." (*T.P. v. STATE of Florida,* 2013), s. 776.013 F.S.

(*Id*. at 16-17). Because of how the second amended complaint is drafted, it is difficult to determine how many claims are being brought and what the legal basis is for the claims.

Third, Plaintiffs' second amended complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omission, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325. Instead of clearly identifying what claims are being brought against which defendants, everything is mixed together in a mass of words and citations without any differentiation between claims and Defendants. Additionally, portions of the second amended complaint make accusations against individuals who have not been named as Defendants. For example, there are references to actions allegedly taken by SRO Eskridge, Principal Brothers (*id*. at 18), Jody Fisher (*id*. at 19), Mrs. Ueberschaer (*id*. at 20), and Tammy L. Smith (*id*.). None of them are Defendants. (*See id*. at 1).

The second amended complaint is a classic shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). The Court should, therefore, dismiss the second amended complaint as a shotgun pleading. Consistent with Eleventh Circuit caselaw, Plaintiff should be provided with one opportunity to file an amended

11

complaint that complies with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Florida.[5] *See id.* (explaining that the district court should "give the plaintiff at least one opportunity to re-plead the complaint" before it is dismissed with prejudice as a shotgun pleading).

## IV.  Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Defendants' Motion to Dismiss, (Doc. 19), be **GRANTED**; and

2. Plaintiffs be provided with 14 days from the date of the District Judge's order regarding this recommendation to file an amended complaint.

At Pensacola, Florida, this 18th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's**

---

[5] Plaintiff is advised that, as a *pro se* litigant, she cannot bring claims on behalf of her minor child. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds by *Winkelman ex rel Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (explaining that "parents who are not attorneys may not bring a *pro se* action on their child's behalf"); *see also L.R. v. Leon Cnty. Sch. Dist.*, No. 4:18cv72, 2019 WL 1177996, at *7 (N.D. Fla. Feb. 14, 2019) (stating that a "pro se parent does not have the legal right or authority to sue on behalf of a minor child because a non-attorney cannot act as legal counsel for another person").

**internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**