UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANGELA KAY RUDDER,
     Plaintiff,

v.                             Case No.: 3:21cv1001/MCR/ZCB

TIMOTHY WYROSDICK, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case brought under 42 U.S.C. § 1983.  Plaintiff is Angela Rudder.  The basis for this lawsuit is her son's five-day suspension from Gulf Breeze High School.  Defendants are Timothy Wyrosdick, former Superintendent of the Santa Rosa County School District, and the Santa Rosa County School Board.  Defendants have moved to dismiss the fifth amended complaint. (Doc. 51).  Plaintiff has responded in opposition.  (Doc. 56).  For the reasons below, Defendants' motion to dismiss should be granted.

## I.    Background

Plaintiff's 99-page fifth amended complaint is disjointed and hard to follow.  What follows is the Court's best effort to summarize Plaintiff's allegations.  Plaintiff's son, T.H., was a student at Gulf Breeze High School in the Santa Rosa County School District. (Doc. 46 at 3).  On September 6, 2018, T.H. had a physical altercation with another student.  (*Id.*).  After the altercation, T.H. went to the school

1

clinic with a hole in his bottom lip. (*Id.*). T.H. was later interviewed by the dean of students. (*Id.* at 3-4). During the interview, T.H. requested to contact a family member. (*Id.* at 4). That request was denied. (*Id.*). T.H. was ultimately suspended from school for five days because of the altercation. (*Id.* at 5).

Shortly after the altercation, Plaintiff arrived at the school. (*Id.* at 6). She requested to see a video of the altercation. (*Id.*). Instead, the dean of students provided her with contact information for the principal and assistant principal. (*Id.* at 5-6). She then met with the assistant principal and requested the video. (*Id.* at 6). That request was forwarded to Santa Rosa County's director of high schools. (*Id.*). Her request to view the video was denied. (*Id.* at 9).

Plaintiff continued asking to see the video. (*Id.* at 10). On October 22, 2018, the principal allowed Plaintiff to view the video in the presence of school personnel. (*Id.*). The quality of the video, however, "was such that parents of T.H. wouldn't be able to identify the other students" and was "prompted to start at the altercation point." (*Id.* at 10-11). Plaintiff requested to view "the series of events leading up to the altercation," but that request was denied. (*Id.* at 11).

Plaintiff inquired about the process of filing a grievance. (*Id.* at 12). She was informed the grievance process would be handled by the director of high schools. (*Id.* at 13). Plaintiff emailed the director of high schools requesting a copy of the

video evidence be provided to the Gulf Breeze Police Department.  (*Id.* at 13-14).

The director of high schools refused to comply with Plaintiff's request.  (*Id.* at 14).

Plaintiff's complaints and appeals continued into December 2018.  (*Id.*).  On

December 12, 2018, Plaintiff met with the director of high schools.  (*Id.* at 14).

During their meeting, she viewed the video footage of the altercation for a second

time.  (*Id.* at 15).  She again requested that the video "be backed [up]" so she could

view the events leading up to the altercation.  (*Id.*).  The director told her the "video

evidence could not be backed[.]"  (*Id.*).  Plaintiff was "not satisfied with the

grievance process" and requested "the name of the next person in line above [the

director of high schools] to contact."  (*Id.* at 16).  She was provided with the assistant

superintendent's information.  (*Id.*).  Plaintiff was later informed that Gulf Breeze

High School dropped the suspension from T.H.'s record, but a referral indicating

that T.H. kicked another student during an altercation remained in T.H.'s record.

(*Id.* at 16-17).

The fifth amended complaint also references an incident that occurred in the

Fall of 2022.  (*Id.* at 59-62).  According to the school, T.H. enrolled in an online

"dual enrollment" course with Gulf Coast State College.  (*Id.* at 59-60).  Plaintiff

claims she never received a phone call informing her that her son was dual enrolled,

nor did she receive or complete any enrollment paperwork (except she does admit

to signing a one page "Dual Enrollment Registration Record").  (*Id.* at 60).   When

Plaintiff met with school personnel to enroll T.H. in classes for the Spring of 2023, she was told that T.H. "had a 'no-show' from a dual enrollment class" on his record. (*Id.* at 62). Plaintiff claims that T.H. never selected to take this dual enrollment class and wants the failing grade deleted from his record. (*Id.* at 60, 95).

Plaintiff enrolled T.H. in the Bay County School District for the 2019-2020 school year. (*Id.* at 64). She continued, however, to complain about T.H.'s treatment by Gulf Breeze High School. (*Id.* at 18-64). Those complaints included contact with Defendant Timothy Wyrosdick (the former superintendent for the Santa Rosa County School District), members of the Santa Rosa County School Board, Gulf Breeze High School's Resource Officer Eskridge, the Florida Department of Education, the Office of Professional Practices, the Office of Commissioner, the Governor's Office, the Office of Safe Schools, the Office of Inspector General, Santa Rosa County State Attorney's Office, Gulf Breeze Police Department, Florida Department of Law Enforcement, and the Commission for Independent Education. (*Id.* at 19-23, 25, 31, 42, 43, 47, 57).

Plaintiff then filed the current *pro se* lawsuit. (Doc. 1). The fifth amended complaint cites 42 U.S.C. §§ 1983 and 1985. (Doc. 46 at 2). It also cites an assortment of other things, such as school board policies, student codes of conduct, administrative regulations, the Florida Constitution, the U.S. Constitution, and various statutory provisions. (*Id.* at 66-94). She seeks all of T.H.'s school records

from Santa Rosa County School District, removal of the failing grade from T.H.'s dual enrollment course, and $3 million in damages. (*Id.* at 96).

## II.    Procedural History

This case was filed on September 7, 2021 with Plaintiff and her son T.H. listed as Plaintiffs. (Doc. 1). The initial complaint named Superintendent Wyrosdick, two former Santa Rosa County School Board members, and three current Santa Rosa County School Board members as defendants. (*Id.*). Defendants filed a motion to dismiss the initial complaint. (Doc. 7). Plaintiff responded by filing an amended complaint. (Doc. 9).[1] The amended complaint removed T.H. as a plaintiff, removed several school officials as defendants, and added the Santa Rosa County School Board as a defendant. (*Id.*). Defendants then moved to dismiss the amended complaint. (Doc. 13). Plaintiff did not respond in opposition to the second motion to dismiss, instead she filed another amended complaint. (Doc. 16). She filed that amended complaint without Court permission or Defendants' consent, in violation of Rule 15 of the Federal Rules of Civil Procedure. Because Defendants did not object to the filing of the second amended complaint, the Court accepted the second amended complaint and deemed it the operative pleading. (Doc. 17).

---

[1] Federal Rule of Civil Procedure 15(a)(1)(B) provides that a plaintiff is entitled to amend her complaint once as a matter of right "21 days after service of a motion [to dismiss] under Rule 12(b)." Because the amended complaint (Doc. 9) was filed within 21 days of service of Defendants' motion to dismiss, neither leave of court nor permission from Defendants was required to file the amended complaint.

Defendants subsequently moved to dismiss the second amended complaint. (Doc. 19). Plaintiff responded in opposition to Defendants' motion. (Doc. 22). On the same day, Plaintiff filed a motion requesting leave to file a third amended complaint. (Doc. 23). Defendants objected to the third amended complaint because it was not filed in compliance with Rule 15.1(B) of the Local Rules of the Northern District of Florida. (Doc. 28); *see* N.D. Fla. Loc. R. 15.1(B) (stating that "[w]hen a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading itself").

Shortly after Defendants filed their objection, Plaintiff requested leave to file an amended complaint and simultaneously filed a third amended complaint. (Doc. 29). Plaintiff then attempted to file a fourth amended complaint, again without seeking leave to amend as required by the Federal Rules of Civil Procedure. (Doc. 33). Defendants moved to strike the fourth amended complaint for failure to comply with the applicable rules. (Doc. 35). The Court subsequently denied Plaintiff leave to file the third and fourth amended complaints. (Doc. 37).

The Court granted Defendants' motions to dismiss the second amended complaint because it was a shotgun pleading in violation of the Federal Rules of Civil Procedure. (Docs. 43, 44). Consistent with Eleventh Circuit caselaw, the Court provided Plaintiff with an opportunity to file an amended complaint that

complied with the Federal Rules of Civil Procedure. (*Id.*). Plaintiff timely filed a fifth amended complaint, which Defendants have now moved to dismiss. (Doc. 46, 51).

### III.    Discussion

Defendants argue, *inter alia*, that the fifth amended complaint should be dismissed because it is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. They also argue that Plaintiff lacks standing to bring the suit. (Doc. 51 at 7-13). The Court agrees.[2]

### A. Plaintiff's fifth amended complaint is an impermissible shotgun pleading.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to

---

[2] Because the Court agrees the fifth amended complaint is subject to dismissal on these grounds, it is unnecessary to address the other arguments raised in the motion to dismiss.

dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

The 99-page fifth amended complaint falls into three of the four categories of shotgun pleadings. First, it contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. The fifth amended complaint is a stream of consciousness rehashing of events that allegedly occurred during T.H.'s time in the Santa Rosa County school system. There is no explanation as to how many of the events described in the fifth amended complaint relate to any violations of federal (or state) law. The fifth amended complaint talks about the coaching style of the high school's baseball coach (Doc. 46 at 17-18), references unrelated news articles addressing topics like the Holocaust (*id.* at 20, 50), mentions T.H.'s volunteer hours with ROTC (*id.* at 22), explains the crash of Plaintiff's hard drive[3] (*id.* at 58), describes T.H.'s vandalism of a neighboring high school and the punishment he received (*id.* at 61-62), refers to the denial of disability services to Plaintiff's other son (*id.* at 94-95), and even discusses T.H.'s treatment in first grade when he was evaluated for the exceptional student education program (*id.* at 64).

The fifth amended complaint also discusses advice that a private attorney provided to Plaintiff and Plaintiff's subsequent falling out with that attorney. (*Id.* at 40, 46, 53, 54). And the fifth amended complaint contains numerous summaries of

---

[3] Although not entirely clear, Plaintiff appears to believe Defendants are somehow responsible for the crash of her hard drive.

communications with a variety of people and entities that are not named as Defendants.[4]  Plaintiff's "claims" span dozens of pages (*id.* at 66-94), and much of the discussion in her fifth amended complaint appears to involve the conduct of people who are not named as Defendants.

Moreover, the fifth amended complaint contains conclusory allegations with no supporting explanation.  For example, it says: "SRCSD SB member Scott Peden violation of oath of office to uphold the Constitution, FERPA, 34 C.F.R. § 99.3, SRCSD SB Policy 5.70, FL St. 1002.22(2) Student Records."  (*Id.* at 69).  There is no citation to any particular constitutional provision or any explanation as to what constitutional right was violated and how.  Nor is there any explanation as to how Mr. Peden violated the other cited material, like the C.F.R. or Florida law.  Similar types of conclusory allegations are scattered throughout Plaintiff's fifth amended complaint.

Second, the fifth amended complaint "does not separate each cause of action or claim for relief into a different count."  *Barmapov*, 986 F.3d at 1325 (internal quotations omitted).  Instead, the "claims" are all jumbled together.  (Doc. 46 at 66-

---

[4] This includes communications with the Office of Safe Schools (*id.* at 23-26), the Office of Inspector General (*id.* at 31-35), School Resource Officer Eskridge (*id.* at 42-43), the State Attorney's Office in DeFuniak Springs and Santa Rosa (*id.* at 43), the Gulf Breeze Police Department (*id.* at 43-44), Florida Department of Law Enforcement (*id.* at 47-48), Florida Department of Education (*id.* 54-55), the Commission for Independent Education (*id.* at 56-58), Bay County School District (*id.* at 58), the principal at Mosley High School (*id.* at 61), among others.

94).  Plaintiff often cites to various administrative guidelines, school board policies,

statutes, and constitutional provisions all in the same paragraph.  (*Id.*).  Here are two

examples:

> School Board for Santa Rosa County School District negligence,
> Breach of Duty, Oath of Office. § 4(b) of Art. IX of the State
> Constitution, FL St. 1001.32(1) 1001.41, 1001.42, 1001.363 – each
> member of the district school board shall serve as the representative of
> the entire district, rather than as the representative of a district school
> board member residence area.

(*Id.* at 77-78).

> Former Superintendent Wyrosdick recommends to the board Dean
> Byers transfer to King Middle School. Wyrosdick satisfying the board
> with no explanation or investigation into Plaintiff's complaint.  FL St.
> 1001.32(3), SRCSD SB Policy 3.20, 1001.51(12)(a); 1001.51 (after
> (12B) Any district school superintendent who knowingly signs and
> transmits to any state official a report that the superintendent knows to
> be false or incorrect, who knowingly fails to investigate any allegation
> of misconduct by instructional personnel or school administrators, as
> defined in s. 101202, which affects the health, safety, or welfare of a
> student; . . . or who knowingly fails to report misconduct to the law
> enforcement agencies with jurisdiction over the conduct pursuant to
> district school board policy under s. 1001.42(6), forfeits his or her
> salary for 1 year following the date of such acts or failure to act.  FL St.
> 1001.51(13)a (14) (21) (23) FL St. 1006.08(1), FL St. 1012.796(3)(4),
> FERPA, 34 C.F.R. § 99.3, FL St. 1002.22(2), SRCSD SB policy 6.302
> Antifraud, FL St. 839.13 Falsifying records. Violation of Title IX of the
> Education Amendments of 1972, harrassment [sic].  Breach of duty,
> oath of office, intentional disregard for the law and the constitutional
> rights of students and parents, FL St. 1001.52 – Reproduction and
> destruction of district school records.

(*Id.* at 78-79).   Because of how the fifth amended complaint is drafted, it is impossible to determine how many claims are being brought and what the legal basis is for the claims.

Plaintiff's fifth amended complaint also "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325.   Plaintiff's thirty-page "claims" section of her fifth amended complaint is a conglomeration of various citations to school board policies, student codes of conduct, administrative regulations, the Florida Constitution, the U.S. Constitution, and various statutory provisions.   Several of Plaintiff's "claims" fail to indicate what the claim is or who it is brought against.   For instance, Plaintiff writes "See # 30. page. # 78."   (Doc. 46 at 81).   There is no explanation as to the legal basis for the "claim" or who the "claim" is against.

In another paragraph, Plaintiff writes "1st amendment right petition clause for redress of grievances."   (*Id.*).   There is no indication who this "claim" is brought against.   Plaintiff repeatedly fails to cite a legal basis or identify a Defendant against whom particular "claims" are being brought.   (*Id.* at 78, 83-84, 86, 90).   Additionally, many of Plaintiff's "claims" appear to involve the conduct of people who are not named Defendants.   For example, there appear to be "claims" asserted against Health Tech Stacey Crowhurst (*id.* at 67), Dean Barker (*id.* at 67-68), Assistant Principal

Keen (*id.* at 68-69), School Resource Officer Eskridge (*id.* at 69-70), Director of High Schools Jason Weeks (*id.* at 71, 74-75), Principal Brothers (*id.* at 71-74, 76), Gulf Breeze High School's baseball coach Thomas Dorsey (*id.* at 76-77), the Florida Department of Education (*id.* at 81), Florida Governor Ron DeSantis (*id.* at 81-82), and the Gulf Breeze Police Department (*id.* at 86), just to name a few. But none of those people/entities are listed as Defendants in the fifth amended complaint.

At the end of the day, the fifth amended complaint (like Plaintiff's prior pleadings) is a classic shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). The Court should, therefore, dismiss the fifth amended complaint as a shotgun pleading.[5]

### B. Plaintiff lacks standing to bring her claims.

Additionally, Plaintiff lacks standing to bring the claims asserted in the fifth amended complaint. To establish standing, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury and the defendant's conduct; and (3)

---

[5] Plaintiff was given an opportunity to file a complaint that complied with the Federal Rules of Civil Procedure, but she failed to do so. *See Vibe Mirco, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (providing the litigant with one "chance to replead and remedy his shotgun pleading issues" before dismissing with prejudice). Indeed, Plaintiff has failed to file one sufficient complaint out of the six complaints she has filed in this case. Affording Plaintiff another opportunity to amend would be futile and a waste of judicial resources.

a likelihood that the injury will be redressed by a favorable decision. *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019).  To satisfy the first prong—the injury-in-fact requirement—"a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (cleaned up).  "Where . . . a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element" necessary to establish standing. *Id.* at 338 (cleaned up).

The claims in the fifth amended complaint appear to involve rights that are personal to T.H., not to Plaintiff.  In other words, Plaintiff has failed to identify that she herself has "suffered an invasion of a legally protected interest." *Id.* at 339 (cleaned up).  For instance, Plaintiff's concerns over the process T.H. received when he was suspended are concerns that are personal to T.H.  They are not injuries personal to Plaintiff.  *See, e.g.*, *Boster v. Philpot*, 645 F. Supp. 798, 807 (D. Kan. 1986) ("[W]hen a student is suspended, it is the *student* who is entitled to due process because it is the student—not his parents—who has a right to a free public education."); *Jarmon v. Batory*, No. 94-CV-0284, 1994 WL 313063, at *5 (E.D. Pa. June 29, 1994) (finding that the parents of expelled students lacked standing to bring their own due process claim when they failed to allege that "any right personal to them was violated by the defendants" and their claims were "wholly derivative of

[the child's] claims based on her suspension and subsequent expulsion"); *Irwin v. W. Irondequoit Cent. Sch. Dist.*, No. 6:16-CV-6028, 2017 WL 881850, at \*3 (W.D.N.Y. Mar. 2, 2017) (finding that that parent-plaintiff "lack[ed] standing to bring the asserted § 1983 claims based solely on the deprivation of the constitutional rights of his son"); *Kaminski v. Comm'r of Oneida Cnty. Dep't of Soc. Servs.*, 804 F. Supp. 2d 100, 104-105 (N.D.N.Y. 2011) (same); *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001) (same).  The crux of Plaintiff's complaint is the alleged inadequate process T.H. received when he was suspended from Gulf Breeze High School and throughout his time in the Santa Rosa County school system.  While T.H. may bring these claims, Plaintiff lacks standing to do so.[6]  Thus, Plaintiff's claims based on T.H.'s injuries should be dismissed.

## IV.  Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1.    Defendants' Motion to Dismiss, (Doc. 51), be **GRANTED**;

---

[6] As a *pro se* litigant, Plaintiff cannot bring claims on behalf of her minor child.  *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds by *Winkelman ex rel Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (explaining that "parents who are not attorneys may not bring a *pro se* action on their child's behalf"); *see also L.R. v. Leon Cnty. Sch. Dist.*, No. 4:18cv72, 2019 WL 1177996, at \*7 (N.D. Fla. Feb. 14, 2019) (stating that a "pro se parent does not have the legal right or authority to sue on behalf of a minor child because a non-attorney cannot act as legal counsel for another person").

2.      Plaintiff's fifth amended complaint (Doc. 46) be **DISMISSED** as a shotgun pleading and for lack of standing[7]; and

3.      The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 5th day of July 2023.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[7] Plaintiff's federal claims should be dismissed with prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). To the extent the fifth amended complaint includes state law claims, those claims should be dismissed without prejudice. *Id.* at 1296-97.

16